THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT ZUBIK, Defendant-Appellant.

Third District   No. 3—90—0658

Opinion filed February 26, 1992.

Gary R. Peterson, of State Appellate Defender's Office, of Springfield, for appellant.

William Herzog, State's Attorney, of Kankakee, and John Thomas Moran, Jr., of Chicago (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

A jury acquitted the defendant, Robert Zubik, of conspiracy to commit armed robbery, but found him guilty of armed robbery and home invasion based on an accountability theory (Ill. Rev. Stat. 1989, ch. 38, pars. 8—2, 18—2, 12—11). He was thereafter sentenced to eight years of imprisonment. He appeals, and we affirm.

On appeal, the defendant argues that the jury's verdicts were legally and logically inconsistent. Specifically, he contends that since the jury acquitted him of conspiracy to commit armed robbery, it could not have found him guilty of armed robbery and home invasion.

Citing *Sealfon v. United States* (1948), 332 U.S. 575, 92 L. Ed. 180, 68 S. Ct. 237, the defendant argues that since the facts supporting the charges were essentially the same, the jury's acquittal on the conspiracy charge was a determination favorable to him of facts essential to his conviction of the substantive offenses. As such, he contends that his convictions should be reversed.

In *Sealfon*, the defendant was charged with conspiracy to defraud the United States. Following an acquittal, he was charged with committing the substantive offense by aiding and abetting an accomplice. The defendant was convicted of the charge and appealed the decision. The issue before the Supreme Court was

whether the jury's not guilty verdict in the conspiracy trial precluded convicting the defendant of the substantive offense based on the same facts.

The Court specifically noted that this was a factual question that depended on the evidence presented at the trial and the instructions under which the jury arrived at its verdicts. In reversing the defendant's conviction, the Court found that under the facts introduced, the defendant could only have aided and abetted the accomplice by conspiring with him to commit the crime.

In the case at hand, we initially note that conspiracy and the substantive offense are separate and distinct crimes. (See *Sealfon v. United States* (1948), 332 U.S. 575, 92 L. Ed. 180, 68 S. Ct. 237.) In addition, we note that in the instance of an acquittal on one count of an indictment, the verdict does not operate to set aside the conviction on another count if different offenses were charged. *People v. Krazik* (1947), 397 Ill. 202, 73 N.E.2d 297.

As to whether the evidence supporting those distinct crimes differed in this case, the record shows that Joseph Ohlrich, Christopher Burris, Scott Lawrence, and Andrew Barthel forced their way into the residence of Mickey Hensel and stole a number of exotic birds. Although the defendant was aware of the plan to steal the birds, he did not participate in the actual commission of the crime. He did, however, purchase the birds from Ohlrich knowing they were stolen.

The evidence concerning the defendant's participation in the planning of the robbery was conflicting. In a statement to the police following his arrest, the defendant acknowledged that he had been aware of the plan to rob the Hensel residence. However, he further stated that when Ohlrich urged him to participate in the crime, he responded by saying that he "did not want anything to do with it."

On the other hand, evidence was introduced showing that prior to the robbery, the defendant gave Ohlrich two checks. In addition, he supplied him with chicken wire and advised him on how to carry the birds.

Other evidence showed that codefendant Lawrence testified that Ohlrich concocted the plan and was the "main mover" behind the crimes. Codefendant Burris testified that the defendant supplied them with chicken wire. Burris also stated that the defendant never entered into an agreement with the others to commit the robbery. Finally, during closing argument, defense counsel pointed out to the

jury that no one testified that they had an "agreement" with the defendant.

The jury was given the following instructions: (1) a person commits the offense of conspiracy when he, with intent that the offense of armed robbery be committed, agrees with others to the commission of the offense of armed robbery, and an act in furtherance of the agreement is performed by any party to the agreement; (2) a person is legally responsible for the conduct of another person when, either before or during the commission of an offense, and with the intent to promote or facilitate the commission of that offense, he knowingly solicits, aids, abets, agrees to aid, or attempts to aid the other person in the planning or commission of the offense.

In the case at hand, we note that while an agreement to commit an offense is one way to aid another, it is not the only basis on which one can be held accountable for the actions of others. As such, based on the evidence, we find that the jury could have concluded that the parties did not enter into an agreement, since testimony was presented showing that the defendant never agreed with the others to commit the crime. However, it could also have logically concluded that he was guilty of the substantive offenses under an accountability theory, since evidence was presented showing that he aided the others by advancing money, by agreeing to buy the birds, and by providing the group with chicken wire and advising them on how to carry the birds.

Therefore, we find that even though the jury acquitted the defendant on the conspiracy charge, it did not also have to acquit him on the substantive charges. The facts supporting the accountability theory were distinct from those involved in the conspiracy question. Accordingly, we do not find the jury's verdicts legally or logically inconsistent.

The judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

STOUDER and SLATER, JJ., concur.